OPINION
Defendant-appellant, David McCoy, appeals his conviction for driving under the influence of alcohol (DUI). McCoy complains that the state obtained all evidence against him as a result of an unlawful stop.
On January 24, 1997, Oxford, Ohio Police Officer Laura Fenning was driving northbound on Beech Street behind McCoy's car. McCoy came to a stop at the stop sign at the intersection of Beech and Church Streets. McCoy then pulled out onto Church Street in front of an eastbound minivan. Traffic on Church Street does not have to stop at the intersection, and Officer Fenning noticed the minivan's break lights engage, and saw the minivan come to a stop within the intersection. Although the minivan was forty to fifty feet from the intersection when the officer first noticed it, the two vehicles came within fifteen feet of one another. Officer Fenning stopped McCoy and subsequently cited him for failure to yield and for DUI.
McCoy filed a motion to suppress complaining that the officer did not have a reasonable suspicion to stop him. The trial court, however, denied McCoy's suppression motion. McCoy subsequently pled no contest, and the trial court found him guilty as charged. On appeal, McCoy complains under a single assignment of error that the trial court should have suppressed the evidence against him. McCoy argues that the officer did not have reasonable suspicion to stop his vehicle.
Courts must view the propriety of an investigative stop in light of the totality of the circumstances. State v. Bobo (1988),37 Ohio St.3d 177, paragraph one of the syllabus. In reviewing a ruling on a suppression motion, this court recognizes that the trial court is best able to resolve issues of fact and evaluate the credibility of witnesses. See State v. DePew (1988), 38 Ohio St.3d 275,277, certiorari denied (1989), 489 U.S. 1042,109 S.Ct. 1099.
After hearing the evidence at the suppression hearing, the trial court specifically found that the officer reasonably believed that McCoy failed to yield to the minivan.[1] This court has reviewed the transcript and concludes that the trial court's decision is supported by competent credible evidence. McCoy's single assignment of error is overruled.
Judgment affirmed.
POWELL, J., concurs.
KOEHLER, J., dissents.
[1] A passenger in McCoy's car who testified at the suppression hearing characterized events somewhat differently than Officer Fenning. This witness testified that the minivan approached the intersection very slowly and came to a stop in front of the intersection before McCoy pulled out.